## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

**DONNA R. SPURLING**

      **Plaintiff,**

**v.**

      **Civil Action No.** _____2:24-cv-00614_____

      **Honorable** _____

      **Formerly Civil Action Nos. 3-C-9600 & 24-C-26**
      **in the Circuit Court of Kanawha County, WV**

**METROPOLITAN LIFE INSURANCE COMPANY
a/k/a METROPOLITAN INSURANCE COMPANY;
MONONGALIA COUNTY GENERAL HOSPITAL
COMPANY d/b/a MON GENERAL HOSPITAL;
UNITED HOSPITAL CENTER, INC;
WEST VIRGINIA UNITED HEALTH SYSTEM, INC.
d/b/a WEST VIRGINIA UNIVERSITY HEALTH
SYSTEM; FAIRMONT STATE UNIVERSITY
BOARD OF GOVERNORS; and WEST VIRGINIA
BOARD OF RISK AND INSURANCE MANAGEMENT,**

      **Defendants.**

### FAIRMONT STATE UNIVERSITY BOARD OF GOVERNORS'
### <u>NOTICE OF REMOVAL</u>

Defendant Fairmont State University Board of Governors (FSUBOG), by counsel, hereby removes this civil action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1331, 1343(a), 1367(a), 1441(c), 1441(a), and 1446. This Court has jurisdiction for three reasons. *First*, Plaintiff's Second Amended Complaint presents questions of federal law, invoking this Court's original jurisdiction pursuant to 28 U.S.C. § 1331. *Second*, Plaintiff's Second Amended Complaint presents due process and equal protection claims, invoking this Court's original jurisdiction pursuant to 28 U.S.C § 1343(a). *Third*, this Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a). In further support, FSUBOG states as follows:

1.      Plaintiff Donna R. Spurling commenced this action on or about January 12, 2024, by filing her Complaint in the Circuit Court of Kanawha County, Civil Action No. 24-C-26. *See* Complaint, attached as **Exhibit A.**

2.      Plaintiff's action was then referred to the Circuit Court of Kanawha County, West Virginia's Asbestos Personal Injury Mass Litigation Panel, Civil Action No. 3-C-9600. *Id.*

3.      On March 6, 2024, Plaintiff moved to amend her Complaint to add FSUBOG as a Defendant. *See* Plaintiff's Motion for Leave to Amend Complaint to Add Party Defendant, attached as **Exhibit B.**

4.      On March 7, 2024, the Circuit Court granted her Motion, and Plaintiff's Amended Complaint was deemed filed. *See* Order, attached as **Exhibit C.**

5.      On September 24, 2024, Plaintiff moved to amend her Amended Complaint, this time to assert various federal claims against FSUBOG and other Defendants, including violations of "the Equal Protection clause," "violations of substantive and procedural due process," and "violations of Title II of the Americans with Disabilities Act." *See* Motion for Leave to File Second Amended Complaint, attached as **Exhibit D, ¶¶** 21, 23, 26.

6.      On September 27, 2024, the Circuit Court granted her Motion, and Plaintiff's Second Amended Complaint was deemed filed. *See* Order, attached as **Exhibit E.**

7.      Various pleadings and motions were filed on behalf of FSUBOG and other Defendants in the state court action. Pursuant to 28 U.S.C. § 1446(a), the docket sheet and all other pleadings, process, and orders served on, and by FSUBOG in the state court action are attached to this Notice of Removal as **Exhibit F.**

**TIMELINESS OF REMOVAL**

8.      The earliest service date for the removing Defendant was September 27, 2024. This Notice of Removal is timely because it is being filed within thirty (30) days after "receipt by the defendant, through service or otherwise a copy of" Plaintiff's Second Amended Complaint—"the initial pleading setting forth the claim for relief upon which such action or proceeding is based" considering the time computation rules set forth in Rule 6 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(b); F.R.C.P. 6.

**VENUE**

9.      Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 and Rule 77.2 of this Court's Local Rules of Civil Procedure because the Southern District of West Virginia is the United States District Court for the district and division embracing the place wherein the state court action was pending.

**BASIS FOR JURISDICTION**

10.      Removal is proper pursuant to 28 U.S.C. § 1331 because Plaintiff's Second Amended Complaint pleads federal questions.

11.      Removal is also proper pursuant to 28 U.S.C. § 1343(a) because Plaintiff's Second Amended Complaint pleads due process and equal protection violations.

12.      Plaintiff's Second Amended Complaint asserts eighteen (18) state and federal causes of action. *See generally*, **Ex. D.**

13.      In particular, Plaintiff's Second Amended Complaint asserts the following federal claims against FSUBOG:

a.  Violations of Substantive Due Process under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983. *See* **Ex. D** at ¶¶ 158–189 (Count Thirteen).

b.  Violations of Procedural Due Process under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983. *See* **Ex. D** at ¶¶ 190–202 (Count Fourteen).

c.  Conspiracy to violate Substantive and Procedural Due Process under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983. *See* **Ex. D** at ¶¶ 203–209 (Count Fifteen).

d.  Violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12165. *See* **Ex. D** at ¶¶ 210–229 (Count Sixteen).

e.  Violations of the Equal Protection Clause under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983. *See* **Ex. D** at ¶¶ 250–261.

14.    "The district courts shall have the original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff asserts several federal claims against FSUBOG, and those claims arise under federal statutes. Therefore, those claims arise under the laws of the United States, and jurisdiction is proper in this Court.[1]

---

[1] *See e.g.*, *Frasier v. Florence Cnty. Sch. Dist. One*, No. 4:23-CV-2515-JD-TER, 2023 WL 9522456 (D.S.C. Dec. 12, 2023), report and recommendation adopted, No. 4:23-CV-2515-JD-TER, 2024 WL 165160 (D.S.C. Jan. 16, 2024) (denying motion to remand for claims pled under Title II of the Americans with Disabilities Act); *Mello v. Page*, No. 4:23-CV-01249-MTS, 2023 WL 8112460 (E.D. Mo. Nov. 22, 2023) (same); *Centeno v. City of Carlsbad*, No. 3:21-CV-1022-L-DEB, 2021 WL 4974852 (S.D. Cal. Oct. 26, 2021), aff'd, No. 21-56274, 2022 WL 2752542 (9th Cir. July 14, 2022) (same); *Banta v. State of Louisiana*, No. 98-765-A, 1999 WL 273007 (M.D. La. Jan. 7, 1999) (same); *Gustafson v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 358 F. Supp. 3d 861 (E.D. Mo. 2019) (same).

15.     "The district courts shall have original jurisdiction of any civil action … to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States … [or] to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights." 28 U.S.C. § 1343(a). Here, Plaintiff asserts against FSUBOG several due process and equal protection claims under 28 U.S.C. § 1983. Those claims involve the deprivation of rights secured by the United States Constitution, and therefore, jurisdiction is proper in this Court.[2]

16.     "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Because this Court has jurisdiction over Plaintiff's claims related to the laws of the United States *and* jurisdiction over Plaintiff's claims related to the deprivation of rights secured by the United States Constitution, this Court may exercise supplemental jurisdiction over all other claims against all named defendants because they all arise from the "same case or controversy." *Id*.

---

[2] *See Blue v. Craig*, 505 F.2d 830, 845 (4th Cir. 1974) ("a colorable claim of denial of equal protection … is all that is required for jurisdiction under § 1343(3)"); *see also id*. at 842 ("it is plain … jurisdiction is conferred by § 1343(4). This section provides for jurisdiction over an action 'under any Act of Congress providing for the protection of civil rights. Certainly § 1983 is an 'Act of Congress providing for the protection of civil rights'"); *see e.g.*, *Medley v. Ginsberg*, 492 F. Supp. 1294, 1301 (S.D.W. Va. 1980) ("If an individual alleges the deprivation of a right conferred by the Constitution or a federal statute which confers "equal" or "civil" rights, the individual may, in addition to stating a claim under section 1983, premise jurisdiction on section 1343(3) or (4)").

## OTHER REMOVAL REQUIREMENTS

17.    Pursuant to 28 U.S.C. § 1446(d), FSUBOG has provided written notice of the filing of this Notice of Removal to Plaintiff and Defendants, as well as the Clerk for the Circuit Court of Kanawha County, West Virginia, contemporaneously with the filing of this Notice of Removal. *See* Notice to State Court of Filing Removal, attached as **Exhibit G.**

18.    Pursuant to Local Rule 3.4(b), a copy of the Civil Docket Cover Sheet is attached as **Exhibit H.**

19.    All Defendants consent to and join this removal. *See* Defendant Metropolitan Life Insurance Company a/k/a Metropolitan Insurance Company's Joinder and Consent to Removal, attached as **Exhibit I**; Defendant Monongalia County General Hospital Company d/b/a Mon General Hospital's Joinder and Consent to Removal, attached as **Exhibit J**; Defendant United Hospital Center, Inc.'s Joinder and Consent to Removal, attached as **Exhibit K**; Defendant West Virginia United Health System, Inc. d/b/a West Virginia University Health System's Joinder and Consent to Removal, attached as **Exhibit L**; and Defendant West Virginia Board of Risk and Insurance Management's Joinder and Consent to Removal, attached as **Exhibit M.**

20.    Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the corporate disclosure statement of FSUBOG is filed contemporaneously herewith.

21.    FSUBOG submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff.

Submitted this 25th day of October 2024.

**FAIRMONT STATE UNIVERSITY
BOARD OF GOVERNORS**

**By Counsel:**


*/s/ Ancil G. Ramey*
Ancil G. Ramey (WVSB #3013)
STEPTOE & JOHNSON PLLC
825 Third Avenue, Suite 400
Huntington, WV 25701
(304) 526-8133
ancil.ramey@steptoe-johnson.com


James J.A. Mulhall (WVSB #6491)
Joseph U. Leonoro (WVSB #10501)
Brittany L. Smith (WVSB #14296)
STEPTOE & JOHNSON PLLC
707 Virginia Street, E., Suite 1700
Charleston, WV 25301
(304) 353-8000
james.mulhall@steptoe-johnson.com
joseph.leonoro@steptoe-johnson.com
brittany.smith@steptoe-johnson.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**DONNA R. SPURLING**

      **Plaintiff,**

                           **Civil Action No.** _____2:24-cv-00614_____

**v.**                           **Honorable** _____

                           **Formerly Civil Action Nos. 3-C-9600 & 24-C-26**
                           **in the Circuit Court of Kanawha County, WV**

**METROPOLITAN LIFE INSURANCE COMPANY**
**a/k/a METROPOLITAN INSURANCE COMPANY;**
**MONONGALIA COUNTY GENERAL HOSPITAL**
**COMPANY d/b/a MON GENERAL HOSPITAL;**
**UNITED HOSPITAL CENTER, INC;**
**WEST VIRGINIA UNITED HEALTH SYSTEM, INC.**
**d/b/a WEST VIRGINIA UNIVERSITY HEALTH**
**SYSTEM; FAIRMONT STATE UNIVERSITY**
**BOARD OF GOVERNORS; and WEST VIRGINIA**
**BOARD OF RISK AND INSURANCE MANAGEMENT,**

      **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 25th day of October 2024, a copy of the foregoing **"*Notice of Removal*"** was electronically served upon all parties and counsel of record by e-filing on the CM/ECF system.

                                        _/s/ Ancil G. Ramey_____
                                        Ancil G. Ramey (WVSB #3013)