IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONNA R. SPURLING,

      **Plaintiff,**

vs.                                                 Civil Action No. 2:24-cv-00614

METROPOLITAN LIFE INSURANCE
COMPANY A/K/A METROPOLITAN
INSURANCE COMPANY, *ET AL.*,

      **Defendants.**

## ORDER

Pending before the Court is the Defendant Monongalia County General Hospital Company d/b/a Mon General Hospital ("Mon General") ***Motion to Compel Discovery Responses and to Strike Plaintiff's Untimely Responses to Requests for Admission*** (ECF No. 95), filed on October 16, 2025. Mon General asserts that it served interrogatories and requests for admission on the Plaintiff on May 30, 2025, and subsequently served requests for production on the Plaintiff on June 5, 2025, however, despite having been given several extensions of time to the Plaintiff, she has failed to respond by the extended deadline. Additionally, Mon General asserts that the Plaintiff's responses were wholly deficient. Mon General further certifies that a good faith attempt to confer with the Plaintiff's counsel regarding the discovery deficiencies in an effort to obtain same without court action.

The undersigned notes that no response has been filed to the pending Motion to Compel.[1] Local Rule Civ P 37.1 governing discovery disputes provides as follows:

    (a) Objections to disclosures or discovery

---

[1] Local Rule Civ P 7.1.(a)(7) provides that responses to motions shall be filed and served upon opposing counsel within 14 days from the date of service.

1

> Objections to disclosures or discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to FR Civ P 29, whichever governs, are waived unless otherwise ordered for good cause shown. Objections shall comply with FR Civ P 26(g) and any claim of privilege or objection shall comply with FR Civ P 26(b)(5).

The untimeliness of the Plaintiff's responses is not in dispute – significantly, the Plaintiff has not requested to withdraw or amend her untimely admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure. Moreover, the Court notes that this Court has recognized that in analyzing "good cause" for purposes of Rule 33(b)(4)[2] the Court

> should look into the circumstances behind the failure to object [or in this case, timely respond], whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance. The Court may also look at subsequent actions by the party to ascertain whether it was acting in good faith, as opposed to acting in a disinterested, obstructionist or bad faith manner. The court should always take into account any resulting prejudice or lack thereof, and the need to preserve the integrity of the rules by serving as a warning to other litigants. Finally, the Court may assess lesser sanctions should that be more appropriate.

*Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 2:06-cv-00716, 246 F.R.D. 522, 526 (S.D.W. Va. Nov. 21, 2007) (quoting Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255, 259 (M.D.N.C. 2001) (Stanley, M.J.) The Plaintiff has not addressed her failure to timely respond to discovery, has not provided any reason or explanation for same, and has not moved to amend or withdraw any of her discovery responses – it is unclear if the Plaintiff was acting in bad faith, or simply lost interest, but in any event, good cause has not been demonstrated here. Additionally, the undersigned observes that the last day to serve discovery requests was October 31, 2025, that depositions are to be completed by December 12, 2025, and that discovery is to close on December 12, 2025 (See ECF No. 90). The Plaintiff's failure to timely

---

[2] Rule 33(b)(4) states that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed.R.Civ.P. 33(b)(4).

2

respond to Mon General's discovery requests has caused a significant delay in this action, and it is apparent that given the imminent discovery deadline, Mon General would be prejudiced in trying to defend itself in this action. On that note, the undersigned is persuaded by the jurisprudence espoused in *Fogus v. Southern States Co-op*, 5:13-cv-22061, 2014 WL 931418, at *3 (S.D.W. Va. Mar. 10, 2014) (Berger, J.):

> [The Plaintiff] makes no attempt to provide any reason whatsoever for his failure to respond to the discovery requests until a full month beyond the deadline. Deadlines would become utterly meaningless if parties were permitted to file responses to discovery requests so long as there remained time for discovery prior to trial and the responses would contribute to resolution on the merits. The preference for resolution on the merits does not trump every other rule governing pretrial conduct.

Accordingly, Mon General's ***Motion to Compel Discovery Responses and to Strike Plaintiff's Untimely Responses to Requests for Admission*** (ECF No. 95) is hereby **GRANTED** and **ORDERS:**

1. That the Plaintiff's untimely responses to Mon General's requests for admission are **ORDERED STRICKEN;**

2. The Plaintiff is **ORDERED** to immediately provide full and complete responses to Mon General's requests for production; and

3. The Plaintiff is **ORDERED** to forthwith supplement the deficient answers, as outlined in Mon General's ***Motion*** (ECF No. 95) and ***Memorandum*** (ECF No. 96) to Mon General's interrogatories with full and complete information.

Because the Defendant Mon General has also requested an award for reasonable attorneys' fees and costs incurred in making the instant Motion, the Court hereby **ORDERS** Mon General to submit a pleading asserting why attorneys' fees and costs should be awarded along with an accounting and affidavit concerning the fees and costs associated with this Motion by **December**

3

**1, 2025**; the Plaintiff shall have until **December 15, 2025** to file a response. Thereafter, the Court will issue a written decision based upon the pleadings alone.

The Clerk is requested to distribute a copy of this Order to all counsel of record, to Michael P. Robb, Esq., Bailey Glasser LLP, Forest View Plaza, 180 Swinderman Road, Suite 450, Wexford, PA 15090, and to any interested party.

**ENTER: November 10, 2025.**



Omar J. Aboulhosn
United States Magistrate Judge