**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DONNA R. SPURLING,

          Plaintiff,

v.                                  CIVIL ACTION NO.   2:24-cv-00614

METROPOLITAN LIFE INSURANCE COMPANY, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Donna Spurling's ("Plaintiff") Motion to Remand. (ECF No. 101.)   For the reasons discussed herein, the motion is **DENIED**.

## I.    *BACKGROUND*

This matter arises out of an asbestos contamination in the State of West Virginia.   (*See generally* ECF No. 1-4.)   According to the Second Amended Complaint, the State became aware of the existence and dangers of asbestos in certain hospitals, colleges, and universities as early as 1984.   (*See, e.g.*, *id.* at 15–16, ¶¶ 20–24.)   Despite this knowledge, though, Plaintiff claims that the State did not "inform or warn" anyone of the presence or dangers of asbestos.   (*See, e.g.*, *id.* at 34–35, ¶¶ 73, 77, 79, 81.)

In February 2022, Plaintiff was diagnosed with incurable lung cancer.   (ECF No. 1-4 at 11–12, ¶¶ 1, 6.)   As a lifelong non-smoker, (*id.* at 12, ¶ 6), she blames this diagnosis on her alleged

1

exposure to asbestos while she was a nursing student at Fairmont State University from 1998 through 2004,[1] (*id.* at 14, ¶ 17).

Consequently, Plaintiff filed a lawsuit in the Circuit Court of Kanawha County, West Virginia on January 12, 2024. (ECF No. 1-1 at 2.) The Second Amended Complaint names Metropolitan Life Insurance Company ("MetLife"), Mon General Hospital, United Hospital Center, Inc. ("United Hospital"), West Virginia Health System, Inc. D/B/A West Virginia University Health System ("WVU Health"), Fairmont State University Board of Governors ("FSUBOG"), and West Virginia Board of Risk and Insurance Management ("WVBRIM") as defendants, (*see* ECF No. 1-4 at 10), and asserts eighteen (18) causes of action against these defendants,[2] (*see id.* at 36–78).

On October 25, 2024, FSUBOG removed this action. (ECF No. 1.) At this point in time, the following six counts remain: (1) Count One: Negligence against "Premises Owner Defendants;"[3] (2) Count Two: Battery against Premises Owner Defendants;[4] (3) Count Three: "Misrepresentations" against the Premises Owner Defendants; (4) Count Four: undefined claim against Mon General Hospital; (5) Count Five: undefined claim against WVU Health; (6) Count

---

[1] Specifically, Plaintiff claims she was exposed to asbestos at the following hospitals and medical facilities during her nursing education program: (1) Mon General Hospital in Morgantown, West Virginia; (2) Chestnut Ridge Center in Morgantown, West Virginia; (3) Fairmont Medical Center in Fairmont, West Virginia; and (4) United Hospital Center in Clarksburg, West Virginia. (ECF No. 1-4 at 14, ¶ 17.) Plaintiff also claims that she was exposed to asbestos in various buildings at Fairmont State University. (*Id.*, ¶ 18.)

[2] MetLife was later voluntarily dismissed as a defendant, (ECF No. 77), and FSUBOG and WVBRIM were later involuntarily dismissed, (ECF No. 89).

[3] Although the Second Amended Complaint does not define which defendants constitute the "Premises Owner Defendants," (*see generally* ECF No. 1-4), these defendants appear to be Mon General Hospital, United Hospital, and WVU Health, (*see id.* at 34–35).

[4] The Second Amended Complaint only identifies Count Two as "Intentional Tort," but the Court previously determined that this was a claim for battery. (*See* ECF No. 92 at 5.)

Six: undefined claim against United Hospital.  (ECF No. 1-4 at 36–47.)  These all appear to be state law claims.  (*See also* ECF No. 101, 110, 112.)

Plaintiff filed the pending Motion to Remand on November 21, 2025.  (ECF No. 101.) Defendants filed a response, (ECF No. 110), and Plaintiff filed a reply, (ECF No. 112).  As such, this motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A district court may exercise supplemental jurisdiction 'over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy.'"  *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (alteration in original) (quoting 28 U.S.C. § 1367(a)).  However, "a district court 'may decline to exercise supplemental jurisdiction' when it 'has dismissed all claims over which it has original jurisdiction.'"  *Id.* (quoting 28 U.S.C. § 1367(c)).

"Whether a district court exercises that jurisdiction after dismissal of all federal claims is a matter of discretion."  *Kovachevich v. Nat'l Mortg. Ins. Corp.*, 140 F.4th 548, 556 (4th Cir. 2025) (internal citations omitted).  After all, the doctrine of supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values."  *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (noting that "courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished" (internal citations omitted)).  Thus, while declining to exercise jurisdiction "is the ordinary course

3

of action" after all federal claims have been dismissed, *see Kovachevich*, 140 F.4th at 556 (citing *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) ("*Royal Canin*")), it nevertheless "remains a matter for the district court to decide," *id.* (internal citations omitted). Among the factors that courts consider are the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110 (internal citations omitted).

### III.   DISCUSSION

In the pending motion, Plaintiff relies on a misinterpretation the Supreme Court's decision in *Royal Canin* as a basis for remand. (*See* ECF No. 102; *see also* ECF No. 110 at 4–7.) The Court will first clarify Plaintiff's misunderstanding of *Royal Canin* before applying the *Shanaghan* factors to this case.

#### A.  Royal Canin

In *Royal Canin* the plaintiffs brought an action in state court asserting federal and state law claims arising out of the same facts. 604 U.S. at 25. The defendants removed the matter to federal court on the basis of federal question jurisdiction. In response, the plaintiffs amended their complaint as a matter of right, "delete[d] its every mention of the" federal claim, and moved to remand. *Id.* at 29. The district court denied the request to remand, the Eighth Circuit reversed, and the Supreme Court accepted certiorari to resolve a spilt in the circuits regarding whether "a post-removal amendment [can] divest a federal court of jurisdiction." *Id.* at 30.

The Court concluded that "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims." *Id.* at 25. The Court explained that "[w]hen a plaintiff amends her complaint following

her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Id.* at 30. This "accords with a bevy of rules hinging federal jurisdiction on the allegations made in an amended complaint, because that complaint has become the operative one." *Id.* In other words, "[t]he reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction." *Id.* at 35-36. To be clear, though, the Supreme Court distinguished this posture from those "[w]hen federal claims are dismissed by the district court," because in the latter case, "an appellate court may yet revive" the dismissed federal claims. *Id.* at 33.

Here, Plaintiff's federal claims were not excised by an amendment. They were dismissed by the Court. This is not an "artificial distinction," as Plaintiff claims. (ECF No. 112 at 1.) Nor does the fact that Plaintiff chose not to appeal the dismissal of her federal claims change the analysis. (*Compare id.* at 2 *with Royal Canin*, 604 U.S. at 33.) In fact, Royan Canin itself recognizes that "supplemental jurisdiction persists" after "the district court 'has dismissed all claims over which it has original jurisdiction.'" *Royal Canin*, 604 U.S. at 31–32 (quoting 28 U.S.C. § 1367(c)(3)). Further, discussed above, *Royal Canin* justified the elimination of supplemental jurisdiction via amendment because a plaintiff "gets to determine which substantive claims to bring against which defendants" and in so doing, "can establish—or not—the basis for a federal court's subject-matter jurisdiction." 604 U.S. at 35-36. Conversely, because the dismissal of federal claims by the Court does not involve such an exercise of control by Plaintiff, no such reason exists here. *See, e.g.*, *LeBoeuf v. Huntington Ingalls, Inc.*, No. CV 24-1695, 2025 WL 1403139, at *3 (E.D. La. May 15, 2025); *cf. Walker v. State*, 158 F.4th 971, 981 (9th Cir. 2025) (finding that a "joint stipulation to dismiss [] federal claims" "operates the same as a party's

unilateral amendment under *Royal Canin . . .* because a joint stipulation similarly alters the substance of the plaintiff's complaint").

Accordingly, *Royal Canin* is not controlling in this case. Rather, as the Fourth Circuit has made clear, it is within the Court's discretion whether to exercise jurisdiction over the remaining state law claims. *See Kovachevich*, 140 F.4th at 556.

### B. Remand Factors

The parties dispute each factor. (*See* ECF Nos. 110, 112.) As discussed below, the interests of judicial economy, convenience, and fairness to the parties are best served by the Court exercising jurisdiction.

As to judicial economy, it is true that "[g]enerally, when a district court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims . . . ." *Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018) (internal citations omitted). Nevertheless, this case has been pending before this Court for almost two years. (*See* ECF No. 1.) Although the parties stipulated to extending discovery, (ECF No. 112 at 4), the fact remains that they have already engaged in a "months-long discovery process," (ECF No. 110 at 9), and the discovery deadline has come and gone, (ECF No. 114). Trial is set for May 19, 2026, (ECF No. 90), and this Court is intimately familiar with the facts and legal issues of this case after resolving numerous substantive motions, (*see, e.g.*, ECF Nos. 89, 92). Therefore, it would be a complete waste of judicial resources to remand the case at this juncture.

For similar reasons, convenience also favors retaining jurisdiction. It would be incredibly inconvenient for both parties to remand this case to state court, where it will essentially start over

after having already been litigated for years.   (*See* ECF No. 110 at 9 (arguing against remanding the case to "start back over in state court at the eleventh hour").)

In fact, that would be unfair.   Specifically, Defendants argue that they have "expended significant time, expense, and resources developing its case," engaged in discovery that "revealed key strategic information," and prepared for trial.   (*See* ECF No. 110 at 8.)    Further, they allege that Plaintiff has not disclosed any experts.   (*Id.*)    Consequently, Defendants claim that remanding the case at this point would "allow Plaintiff a second bite at the apple after she has already received the benefit of analyzing defendant's expert reports in the absence of submitting any expert reports of her own," which "would be highly prejudicial and inequitable."   (*Id.*)   In response, Plaintiff only offers that she "initially chose to file in the Circuit Court of Kanawha County and with the federal claims dismissed, fairness dictates honoring Plaintiff's chosen forum." (ECF No. 112 at 4.)   Not so.   "Honoring" Plaintiff's chosen forum trumps neither the years Defendants have spent litigating nor their concerns of inequitable discovery disclosures.

That only leaves comity.   Plaintiff argues that only state law claims remain, which the Circuit Court of Kanawha County routinely handles.   (ECF No. 112 at 4.)    Conversely, Defendants assert that "Plaintiff's remaining state law claims . . . do not pose any novel or complex issues of state law, only garden-variety state tort causes of action."   (ECF No. 110 at 7; *cf. United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) (instructing that *critical* decisions of state law "should be avoided both as a matter of comity and to promote justice between the parties").)   Indeed, federal courts routinely resolve such claims, too.   *See, e.g.*, *Ripley v. Foster Wheeler LLC*, 841 F.3d 207, 209 (4th Cir. 2016) (addressing a failure to warn claim based on alleged asbestos exposure); *Finch v. Covil Corp.*, 388 F. Supp. 3d 593 (M.D.N.C. 2019), *aff'd*, 972

7

F.3d 507 (4th Cir. 2020) (addressing a state law claim of negligence based on alleged asbestos exposure); *Contreras v. Thor Norfolk Hotel*, L.L.C., 292 F. Supp. 2d 798, 801 (E.D. Va. 2003) (addressing state law claims for battery and fraud based on alleged asbestos exposure).

Accordingly, the factors overwhelmingly support retaining jurisdiction over the remaining state law claims. *See, e.g.*, *Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x 293, 297 (4th Cir. 2003) (upholding the district court's decision to retain jurisdiction over state law claims after all federal claims had been dismissed because "the parties had completed substantial pre-trial preparation," the court "was already familiar with the facts and issues," and dismissal "would not have been fair to the parties," or "an efficient use of judicial resources"); *Daly v. Zobel*, 311 F. App'x. 565, 567 (4th Cir. 2008) (affirming the district court's decision to retain jurisdiction over a state law claim because "it was familiar with the facts and issues in the case, the action had progressed to the summary judgment stage, and a remand to state court would be a waste of judicial resources"); *Crosby v. City of Gastonia*, 682 F. Supp. 2d 537, 545 (W.D.N.C. 2010), *aff'd*, 635 F.3d 634 (4th Cir. 2011) (affirming the district court's decision to retain jurisdiction over state law claims because "the proceedings had been pending for more than three years, and the parties had already fully briefed summary judgment motions").

Accordingly, Plaintiff's Motion to Remand, (ECF No. 101), is **DENIED**.

### IV.    CONCLUSION

For these reasons, Plaintiff's Motion to Remand, (ECF No. 101), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  April 17, 2026

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE